# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN L. DYE, JR.,

  Plaintiff,

v.                 Case No. 06-C-0634

BYRON BARTOW,

  Defendant.

# DECISION AND ORDER

Plaintiff John L. Dye, Jr., who is incarcerated at Wisconsin Resource Center, filed this petition for writ of mandamus pursuant to 28 U.S.C. § 1361. Currently pending is the plaintiff's motion for leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis,*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.,* 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated three "strikes" as follows: 1) *Dye v. Mary Kay et al.,* No. 00-1058, dismissed as frivolous on April 23, 2001; 2) *Dye v. Hansan et al.,* No. 01-276, dismissed for filing a frivolous appeal on May 5, 2004; and 3) *Dye et al. v. Milwaukee Journal Sentinel, Inc.,* No. 99-1324, dismissed for failure to state a claim upon which relief may be granted on December 28, 1999. However, in the complaint plaintiff alleges that he is under imminent danger. If he does in fact fall under that exception to the three-strikes rule, plaintiff will be allowed to proceed in forma pauperis despite already having three strikes. See 28 U.S.C. § 1915(g).

The plaintiff states that he has not been able to eat anything because he is in "unjustifiable segregation status." (Compl. at. 6). In addition, he asserts that he has "serious concerns" about his low blood pressure. *Id.* In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed *in forma pauperis* under § 1915(g) when a prisoner's claims of imminent danger are "conclusory or ridiculous." *Id.* (citing *Heimermann*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger)); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical

2

treatment when prisoner was seen over 100 times by physician is not imminent danger)). However, § 1915(g) is not used to determine the merits of a claim because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." *Ciarpaglini*, 352 F.3d at 331.

The plaintiff avers that the stress from receiving a conduct report, and subsequent segregation sentence, has prevented him from eating for approximately 36 days. Notably, the plaintiff does not submit that he has not been able to eat because the defendants have denied him food. Moreover, the court construes the plaintiff's contention as a figure of speech and not as an actual complaint that he has not eaten anything in over a month. To this extent, the plaintiff has not indicated that he has been prevented from eating to the extent that he is suffering, or in danger of suffering, a serious injury.

Next, the plaintiff submits that stress has made him have serious concerns about his low blood pressure. However, all the plaintiff has alleged is that he has a serious *concern*, not that he suffers a sufficiently serious *injury*. In light of the foregoing, the plaintiff has failed to satisfy the imminent danger exception to 28 U.S.C. § 1915(g).

Thus, the plaintiff is required to pay the full $350.00 filing fee. The plaintiff will be allowed thirty days from the date of this order to pay the $348.61 balance of the filing fee. Failure to pay the filing fee in the designated time will result in dismissal of the plaintiff's action.

3

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **denied**.

**IT IS FURTHER ORDERED** that this action will be dismissed unless the plaintiff pays $348.61 balance of the filing fee within thirty days from the date of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2006.

          **BY THE COURT:**

          s/Rudolph T. Randa
          **HON. RUDOLPH T. RANDA**
          **Chief Judge**