# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN L. DYE, JR.,**

        **Plaintiff,**

        -vs-                                      **Case No. 06-C-0634**

**BYRON BARTOW,**

        **Defendant.**

## DECISION AND ORDER

Plaintiff, John L. Dye, Jr., who is incarcerated at Wisconsin Resource Center, filed this petition for writ of mandamus pursuant to 28 U.S.C. § 1361. This matter comes before the court on the plaintiff's motion for reconsideration.

By order of November 21, 2006, the plaintiff's petition for leave to proceed *in forma pauperis* was denied because he had accumulated three strikes under 28 U.S.C. § 1915(g) and because he failed to show that he was in imminent danger of serious physical injury. The plaintiff contends that he is entitled to reconsideration because he is mentally ill and the conditions of his confinement have prevented him from eating and caused him to suffer dangerously low blood pressure.[1]

---

[1] The plaintiff also claims that reconsideration is warranted because he has not struck out for purposes of § 1915(g). Specifically, the plaintiff asserts that he did not receive strikes in *Dye v. Hansan*, No. 01-276 (E.D. Wis. May 5, 2004)(dismissed for filing a frivolous appeal) and *Dye v. Milwaukee Journal Sentinel, Inc.*, No. 99-1324 (E.D. Wis. Dec. 28, 1999)(dismissed for failing to state a claim upon which relief could be granted). Review of the docket in these cases reveals that the plaintiff is incorrect as to this contention.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In support of his assertion, the plaintiff has submitted a letter from Doctor Thomas Michlowski, the Medical Director at Wisconsin Resource Center (WRC), stating that the plaintiff's mental health problems place him in a condition of medical emergency. (*See* Pl.'s Mot. for Recon. Ex. 2). The plaintiff has also provided a court order in which Mark Stockli was appointed as the plaintiff's guardian for purposes of transporting him to a hospital to receive hydration and medical measures to protect his life. (*See* Pl.'s Mot. for Recon. Ex. 1).

2

The court considers the exhibits concerning the plaintiff's mental and physical condition as newly discovered evidence. *See Rothwell Cotton Co.,* 827 F.2d at 251. Review of such evidence reveals that the plaintiff may be in imminent danger of serious mental harm. Therefore, the plaintiff's motion for reconsideration will be granted. Accordingly, the plaintiff will be permitted to proceed *in forma pauperis* in this action. The court will now screen the petition pursuant to 28 U.S.C. 1915A.[2]

As a preliminary matter, the court notes that the plaintiff initiated this action as a petition for mandamus. The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, provides that "the district courts shall have jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In the present case, defendant Byron Bartow is the warden of WRC, and therefore, an employee of the State of Wisconsin as opposed to one of the United States. Moreover, the writ of mandamus was abolished under Fed.R.Civ.P. 81(b). For these reasons, the plaintiff's claims properly arise under 42 U.S.C. § 1983, which provides a cause of action for individuals who have been deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *See United States v. Lloyd*, 398 F.3d 978 (7th Cir. 2005)(it is the substance and not the name of the petition that controls and defines its character). The docket shall be amended accordingly.

---

[2]On May 30, 2006, the plaintiff filed a petition for writ of mandamus and a supplemental filing. The court will consider both documents when screening the petition.

3

The court is required to screen complaints brought by prisoners seeking to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id*.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738,

4

740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

According to the petition, the plaintiff was involved in an altercation with Travis Coen, a fellow inmate, on April 15, 2006. (Pet. at 1). Thereafter, the plaintiff went to the bathroom, where he was attacked by another inmate, Leland Lewis, a friend of inmate Coen. *Id.* at 1-2. Inmate Lewis knocked the plaintiff unconscious and when the plaintiff

5

came to, Lewis continued to punch him and pulled him back into the bathroom. *Id*. As a result of the attack, the plaintiff had to be transported to an area hospital for treatment. *Id*. at 2.

Upon his return to WRC, the plaintiff was placed in temporary lock up (TLU) pending an investigation. *Id*. The plaintiff informed WRC officials that he wanted to pursue criminal charges, but he claims that he was stymied in his efforts. *Id*.

Subsequently, the plaintiff was advised that he and inmate Lewis would both receive conduct reports for their involvement in the April 15, 2006, incident. *Id*. On April 17, 2006, the plaintiff received Conduct Report # 1749702, charging him with fighting. *Id*. at 3. However, the charges were dismissed. *Id*.

Then, on April 29, 2006, the plaintiff received Conduct Report # 1808201, involving the same incident, charging him with attempted battery. *Id*. The plaintiff avers that it is against DOC policy to issue two conduct reports based on the same set of events. *Id*. He also submits that being twice punished for the same offense constitutes cruel and unusual punishment. *Id*. at 4.

The plaintiff was found guilty of the attempted battery charge and sentenced to 90 days in disciplinary segregation. *Id*. at 5. The plaintiff charges that his disciplinary hearing violates departmental rules, policies and procedures because during the hearing the defendant alleged that the plaintiff instigated the fight on April 15, 2006, and cursed at inmate Lewis during the altercation. (Supp. Filing at 3).

6

As a result of his being sentenced to segregation, the plaintiff has not been able to eat for approximately 36 days. (Pet. at 6). And, the stress from this situation has caused the plaintiff to suffer seriously low blood pressure. *Id*. After serving his segregation sentence, the plaintiff was transferred to Unit F-12, which is "yet another form of segregation status." (Supp. Filing at 2).

For relief, the plaintiff requests that the defendant be ordered to preserve the videotape of the April 15, 2006, altercation between the plaintiff and inmate Lewis. (Pet. at 6). Further, the plaintiff requests that he be released from segregation status. *Id*. at 8.

**1.      Due Process Claim**

The plaintiff avers that he should not have been issued a second conduct report and that false statements were made against him during his disciplinary hearing. Inasmuch as the plaintiff challenges the process by which he was found guilty of the conduct report, the court construes his claim as raising a due process challenge. To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. *See Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). A liberty interest exists when prison officials restrain the freedom of inmates in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. However, discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. *Id*. at 485; *see also Thomas v.*

7

*Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1998) (prison inmate's 70-day confinement in disciplinary segregation was not "atypical and significant" deprivation of prisoner's liberty and thus did not implicate liberty interest protectable under due process clause; prisoner has no liberty interest in remaining in the general prison population). Thus, the plaintiff has failed to state a due process claim.

**2.        Cruel and Unusual Punishment Claim**

The plaintiff contends that his confinement to segregation prevents him from being able to eat and causes him to suffer dangerously low blood pressure. Deliberate indifference to the serious medical or mental health needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. Accordingly, the plaintiff has stated a claim predicated on the Eighth Amendment.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Doc. # 14) is **granted**.

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Doc. # 2) is **granted.**

8

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the petition, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the petition.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.61 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or

typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**