**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JOHN L. DYE, JR.,

      **Plaintiff,**

    -vs-                                                                                          Case No. 06-C-0634

BYRON BARTOW,

      **Defendant.**

## DECISION AND ORDER

Plaintiff, John L. Dye, Jr., filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis* on an Eighth Amendment cruel and unusual punishment claim. This matter comes before the court on the defendant's motion for summary judgment.

### I. FACTUAL BACKGROUND

The plaintiff filed this complaint against defendant Byron Bartow, alleging violations of the Due Process Clause and the Eighth Amendment. By order dated November 21, 2006, the court denied the plaintiff's petition to proceed *in forma pauperis* on grounds that he had accumulated three strikes under 28 U.S.C. § 1915(g) and failed to show that he was in imminent danger of serious physical harm.[1]

---

[1] It was later determined that the plaintiff has not "struck out" under § 1915(g). *See Dye v. Lennon*, No. 07-C-450 (E.D. Wis. Aug. 22, 2007)(order granting plaintiff's motion for reconsideration because the docket in his previous lawsuit, *Dye v. Hanson*, No. 01-C-276 (E.D. Wis.), erroneously represented that he incurred a strike on appeal).

Thereafter, the plaintiff filed a motion for reconsideration of this court's order denying his *in forma pauperis* petition, arguing that he satisfied the imminent danger exception to § 1915(g). In support of his proposition, the plaintiff submitted a letter from Doctor Thomas Michlowski, the Medical Director at the Wisconsin Resource Center, stating that the plaintiff's health problems placed him in a condition of medical emergency. For this reason, the court granted the plaintiff's motion for reconsideration and permitted him to proceed *in forma pauperis*.

On April 17, 2007, the court screened the complaint and found that the plaintiff's allegation that he was denied food while in segregation, thereby causing him to suffer dangerously low blood pressure, stated an Eighth Amendment claim.[2] However, the plaintiff's due process claim was dismissed. The defendant filed a motion for summary judgment on June 18, 2007, which is now fully briefed and ready for resolution.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to

---

[2] On that date, the court found that the plaintiff's allegations properly arise under 42 U.S.C § 1983 as opposed to a petition for writ of mandamus under 28 U.S.C. § 1361. Therefore, the case was converted to a § 1983 action.

2

be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id*. For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id*.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. *Id*. at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id*. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id*. at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v.*

3

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

### III. RELEVANT UNDISPUTED FACTS

The plaintiff is currently incarcerated at the Wisconsin Resource Center (WRC). (Affidavit of John L. Dye, Jr. [Dye Aff.] ¶ 2). The plaintiff has alleged that defendant Byron Bartow, the director of WRC, was deliberately indifferent to his serious medical needs. (Affidavit of Tom Gozinske [Gozinske Aff.] ¶ 4). Specifically, the plaintiff asserts that he was prevented from eating while he was in segregation, causing him to suffer dangerously low blood pressure. *Id*.

Tom Gozinske, who is not a named defendant in this action, is employed by the Wisconsin Department of Corrections (DOC) as a Corrections Complaint Examiner (CCE). (Gozinske Aff. ¶ 1). Mr. Gozinske is the custodian of the regularly conducted business records of his office. (Gozinske Aff. ¶ 2). He examined these records and ascertained that the plaintiff did not file any administrative grievance complaining that he was denied food while in segregation and that he suffered dangerously low blood pressure as a result. (Gozinske Aff. ¶ 5).

### IV. DISCUSSION

The defendant contends that summary judgment is warranted because: (1) the plaintiff did not appropriately respond to his proposed findings of fact; and (2) the plaintiff

4

failed to exhaust his available administrative remedies. In response, the plaintiff contends: (1) he has responded to the defendant's proposed findings of fact; (2) he was not required to exhaust his available administrative remedies; and (3) in the alternative, he has exhausted the remedies available to him.

### A. Proposed Findings of Fact

First, the defendant asserts that the plaintiff's response to his proposed findings of fact fails to comply with Civil Local Rule 56.2(b)(2). Specifically, the defendant contends that the plaintiff's response sets forth legal arguments instead of undisputed factual propositions. Rule 56.2(b)(2) provides:

> A party opposing a motion may present additional factual propositions deemed to be relevant to the motions, in accordance with the procedures set out in Subparagraph (a)(2) of this rule. These propositions may include allegedly undisputed material facts and additional material facts which are disputed and which preclude summary judgment.

Review of the plaintiff's response reveals that it presents both facts and legal arguments. For example, the plaintiff states that he is an adult inmate incarcerated at WRC. (Pl.'s Proposed Findings of Fact [PFOF] ¶ 1). However, he further states: "'[A] remedy is available' when it can be availed for the accomplishment of a purpose or may be 'obtained,' Underwood v. Wilson, quoting Webster's New International Dictionary 150 (3d E.d. 1981)." (Pl.'s PFOF ¶ 4). Upon due consideration, the court will take into consideration those proposed findings of fact that comply with Rule 56.2(b)(2) when addressing the defendant's

5

motion and disregard those that do not. Accordingly, the defendant's motion for summary judgment on this ground will be denied.

**B. Exhaustion of Administrative Remedies**

Next, the defendant avers that the plaintiff has failed to exhaust his Eighth Amendment claim. The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a.

Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to Wisconsin inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has

6

promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (holding that prisoner does not satisfy exhaustion requirement by filing untimely or otherwise procedurally defective administrative grievances or appeals). In Wisconsin, an inmate must file a complaint with the inmate complaint examiner (ICE) with fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) and 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) and 310.11(11).

The appropriate reviewing authority makes a decision within ten days following receipt of recommendation. Wis. Admin. Code § DOC 310.12(1). Within ten days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the CCE. Wis. Admin. Code § DOC 310.13(1). The CCE then reviews the appeal and makes a recommendation to the Secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.13(6). The

7

Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

In the present case, it is undisputed that the plaintiff did not file an inmate complaint alleging that he was prevented from eating while in segregation, thereby causing him to suffer dangerously low blood pressure. However, the plaintiff argues that he is exempt from the exhaustion requirement because this action was originally filed as a petition for writ of mandamus.

The PLRA states that "*no* action shall be brought" with respect to prison conditions by a person confined in any prison until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997(e)a (emphasis added). By its terms, this provision applies to a petition for writ of mandamus an action filed under 28 U.S.C. § 1361 (the statute under which this action was initiated) as well as 42 U.S.C. § 1983 (which this case was converted to at screening). Accordingly, the plaintiff was required to exhaust his administrative remedies before filing this action.

Next, the plaintiff argues that he exhausted his Eighth Amendment claim because he filed several inmate complaints from which prison officials should have inferred that he was denied food and experienced low blood pressure. In support of his proposition, the plaintiff attached to his July 9, 2007, affidavit in opposition to the defendant's motion for summary judgment four inmate complaints he filed at WRC in 2006. As a preliminary matter, it is unclear whether these documents are admissible at summary judgment. *See*

8

*Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003)(evidence relied on at summary judgment must be of the type to admissible at trial); *Scott v. Edinburg*, 346 F.3d 752, 760 n. 7 (7th Cir. 2003)("[t]o be admissible, documents must be authenticated by an attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.").

Assuming, however, that the plaintiff's grievances are admissible, they fail to demonstrate that he exhausted his Eighth Amendment claim. For example, the plaintiff contends he exhausted his claim by filing Inmate Complaint WRC-2006-29780, which provides:

> On approximately October 4, 2006, while reading on Unit 12 shortly after shift change the unit manager Martha Stacker with several other staff came to my residing cell and told me that she was having me moved off unit 12 to a segregated unit stating that I missed eating two-2 meals and that's an automatic move off unit 12 allegedly due to a presently pending Temporary Guardianship on me. However, the guardianship allows "limited" Medical Intervention, i.e. - life threatening or hydration not missing two-2 meals actually from being sick due to attempting to comply in taking prescribed meds which were before told cause serious complications - "Tremors" in my head and hands. Moving me off the unit was an abuse of authority and had nothing to do with the pending guardianship, read the script/Order. I only resumed taking the meds because she-Matha (sic), also denied me advancement in the level-system which the meds cause me to get sick missing Breakfast and Lunch at which time I informed PCT Jill as to the reason and informed her that third shift R.N. Kurt, had seen me

9

> that night and noted not to take any more meds until seen by M.D. which he'd leave a note for the first shift. I also sent Martha a request about the matter yet she moved me off unit 12 attempting to use the guardianship as the reason and support for this abuse of authority.

(Pl.'s Aff. at 7).

A purpose of the exhaustion requirement is to allow prison officials time and opportunity to respond to complaints internally before an inmate initiates litigation. *Porter*, 534 U.S. at 524-25. To provide prison officials with sufficient notice, inmates must file grievances at the place and time and with the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where the rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id*. at 650.

The plaintiff's complaint that he was transferred after missing two meals due to his medication did not give sufficient notice to prison officials that he was alleging that he was denied food while he was in segregation, thereby causing him to suffer dangerously low blood pressure. The plaintiff's grievance needed to alert prison officials to the "nature of the wrong." *Strong*, 297 F.3d at 650. Inasmuch as this grievance (and the other grievances attached to his affidavit failed to do this, these documents do not demonstrate that the plaintiff exhausted his Eighth Amendment claim.

10

Next, the plaintiff claims that he exhausted his Eighth Amendment claim because he filed three Health Services Request (HSR) forms complaining about various medical conditions, including an inability to eat for 5 days. (*See* Pl.'s Aff. at 3-4). The PLRA exhaustion requirement requires "proper exhaustion," meaning that the plaintiff must use the ICRS in accordance with the applicable procedural rules. *See Woodford,* 126 S. Ct. at 2382. In this case, the procedural rules required the plaintiff to file an ICRS grievance to complain about prison conditions or the actions of prison officials. *See* Wis. Admin. Code § DOC 310.01(2)(a). Thus, the HSR forms to complaining about his medical conditions do not properly exhaust his Eighth Amendment claim.

Finally, the plaintiff claims that there were no available remedies to exhaust because he was denied forms. In support of his proposition, the plaintiff points to an affidavit and an inmate complaining asserting that he was denied forms. On summary judgment, the nonmoving party must set forth specific facts, more than mere conclusions and allegations, sufficient to raise a genuine issue for trial; "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Scott*, 346 F.3d at 755 (citations omitted).

In Inmate Complaint WRC-2006-13077, the plaintiff complains that PCT Mark refused to give him requested forms. (Pl.'s Aff. at 2). Notably, the plaintiff has not provided the court with a copy of this inmate complaint or the response he received. Rather, he has provided the ICE receipt, which summarizes his complaint as "Inmate complains PCT Mark

11

refused to give him requested forms." (Pl.'s Aff. at 2). And, he has provided his appeal of the ICE's rejection, which states:

> The ICE rejected this complaint stating that it is Moot as it seeks to determine an abstract question which does not arise upon existing facts or rights, or where there would be no practical effect to any remedy because the issue or complaint is already resolved. The ICE can throw around as many words as she like (sic) however, this issue is not moot, theoretically the complainants complaint clearly seeks a practical effect of a remedy which does arise upon existing facts or rights. Because the unite which is a segregation unit where inmates are dependent upon staff to deliver to them necessary materials needed ; the denial of such by staff does not make this complaint Moot even if the complainant is no longer on that unit because (1) he could end up back upon that unit for any number of reason(s), and (2) there would still be an existing problem which was never dealt with and/or solved. Because the complainant have moved on to another unit is no reason to disregard the staffs action, inactions or woefully inadequate actions, if staff continue to feel and/or know that nothing will be done to them; they may continue to display these type of actions. Therefore, the ICE's basis for rejecting this complaint are without merit, just because the complainant have been moved onto another unit.

The plaintiff has also submitted a sworn statement averring: "There's also the matter whereas exhaustions (sic) is not required when 'unavailable' and/or various institutions forms are denied an inmate upon request as were during a point and time relevant to this complaint, see: (WRC-2006-13077)." (Pl.s' PFOF ¶ 4).

12

In *Dale v. Lappin*, 376 F.3d 652 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit considered whether the plaintiff's claim that he was denied prison grievance forms was more than a "bald assertion," and therefore insufficient to defeat the defendants' motion for summary judgment. In *Dale*, the court found that the plaintiff provided "sufficiently specific facts to support his allegation that he requested the correct grievance form" for the following reasons: (1) he identified the various prison employees from whom he requested forms; (2) he identified the specific form he requested; (3) he avers that he was given blank paper in response; (4) he was told that prison officials did not possess the proper form; (5) he was told that he requested the form from the wrong person; and (6) he got no response when he complained that he was denied grievance forms. *Id*. at 656.

Unlike the inmate in *Dale*, the plaintiff has not identified the forms he requested, he has not identified the date on which the forms were requested and he has not provided a copy of the inmate complaint requesting forms. Additionally, he has submitted no evidence detailing prison officials' response to his alleged requests. Finally, review of the evidence reveals that the plaintiff never appealed the ICE's rejection of his complaint to the CCE, which he must do to exhaust the ICRS. *See* Wis. Admin. Code § DOC 310.13(1). For all these reasons, the plaintiff's averment that he was denied forms is not sufficiently supported by admissible evidence. As a result, the court is persuaded that the plaintiff failed to exhaust his administrative remedies before filing this action. Consequently, the defendant's motion for summary judgment will be granted.

13

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment (Docket # 25) is granted.

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**